UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR JOEL Z.F.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-9024-TLN-SCR<br><br>A# 201-144-488<br><br>**RELEASE ORDER** |

This matter is before the Court on pro se Petitioner Hector Joel Z.F.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). (ECF No. 1.) Respondents filed an opposition. (ECF No. 8.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

This matter arises out of Petitioner's challenge to his civil immigration detention. (ECF No. 1.) Petitioner has been in the United States since 2012. (*Id.* at 9.) He works full time to support his family and is involved in his faith community. (*Id.* at 11.)

Petitioner was taken into immigration custody in the interior of the United States on or around September 1, 2026. (*Id.* at 2.)[2] On the record before this Court, it appears Petitioner was not served with an administrative warrant and he did not receive an initial custody determination.[3] On November 5, 2026, Petitioner filed the Petition.[4] (ECF No. 1.) On November 6, 2026, Respondents filed a response. (ECF No. 8.)

Respondents argue the applicable detention authority is 8 U.S.C. § 1226(a) and admit Petitioner is entitled to seek a custody redetermination hearing before an immigration judge ("IJ"). (*Id.* at 1.) However, Respondents do not report scheduling any such hearing. Respondents further state "[b]ecause of [Petitioner's] criminal history, if the Court is inclined to order relief, that relief should be limited to a bond hearing[.]" (*Id.* at 1–2.) In support of Petitioner's criminal history, Respondents include only a rap sheet. (ECF No. 8-1.)

Petitioner claims his detention without a bond hearing violates the Fifth Amendment Due

---

[2] Respondents state Petitioner was detained in August 2026 but provide no supporting documents. (ECF No. 8 at 1.) The discrepancy between August 2026 and September 1, 2026 is immaterial for the Court's analysis.

[3] On November 5, 2026, for each immigration encounter with Petitioner, the Court ordered Respondents to provide the following with their response to the Petition: any warrant; initial custody determination; and Form I-213. (ECF No. 5-2.) The Court warned that it would draw an adverse inference if the records were not produced. (*Id.*) Respondents only provided an explanation for the missing I-213. (ECF No. 8 at 2 n.1.) Respondents provided no reason for the absent warrant and initial custody determination. (*See generally* ECF No. 8.) Respondents provided *only* a rap sheet, which makes no reference to any warrant or custody determination. (ECF No. 8-1.) Thus, the Court infers that Petitioner was arrested without an administrative warrant and has not received an initial custody determination, which is the precursor and pathway to requesting a custody re-determination hearing before an immigration judge.

[4] The same day, Petitioner filed a motion for a temporary restraining order, motion to proceed in forma pauperis, and a motion for appointment of counsel. (ECF Nos. 2, 3, 4.)

Process Clause. (ECF No. 1 at 25–28.)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

The Court finds Petitioner's due process required compliance with 8 U.S.C. § 1226(a) procedures, including an initial custody determination and a custody hearing within a reasonable time and manner. Because the government has failed to provide Petitioner the process he was due, including a custody hearing in the two and a half months it has detained Petitioner, the government violated Petitioner's constitutional rights.

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the

procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A. <u>Liberty Interest</u>

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Petitioner has been in the United States for over fourteen years, working to support himself and his family. (ECF No. 1 at 9, 11.) He is involved in his faith community and seeks a better future for his children. (*Id.* at 11.) Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693. With a clear liberty interest, the Court next turns to the procedural safeguards that were owed to Petitioner.

B. <u>Procedures Required</u>

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him. Despite his interest in

maintaining his liberty, Petitioner has now been detained for two and a half months, apart from his family, and unable to work, without any opportunity to be heard as to the justification of his detention. Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention.

Second, the risk of erroneous deprivation is considerable given Petitioner has not received adequate process. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure his detention is reasonably related to those purposes. *Hernandez*, 872 F.3d at 990.

Respondents do not argue Petitioner is a danger to the public or a flight risk, instead Respondents argue any relief should be kept to a bond hearing due to Petitioner's criminal history.[5] (*See* ECF No. 8.) But Respondents fail to develop any argument as to how or why Petitioner's criminal history demonstrates that Petitioner is a danger to the public. Respondents "submit [] it is possible" Petitioner's conviction would subject him to mandatory detention under the Laken Riley Act, but do not make any other arguments or assertions regarding Petitioner's dangerousness. Nor is a submission about a possible detention authority without supporting materials persuasive to the Court. Without any showing by Respondents of a legitimate interest in detaining Petitioner or such a finding by a neutral arbiter, the Court finds there is a serious likelihood Petitioner was erroneously deprived of his liberty interest.

Moreover, Respondents failed to provide the procedural safeguards statutorily owed to Petitioner under 8 U.S.C. § 1226(a) and its implementing regulations. "ICE, like any agency, 'has the duty to follow its own federal regulations.'" *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) (quoting *Haoud v. Ashcroft*, 350 F.3d 201, 205 (1st Cir. 2003)); *see also United*

---

[5] The rap sheet lists convictions for a nonmoving traffic violation and aggravated assault with a deadly weapon. (ECF No. 8-1.) Petitioner was sentenced to ten months imprisonment for the aggravated assault conviction. (*Id.* at 10.)

*States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266–67 (1954) (reversing dismissal of habeas petition where Board of Immigration Appeals failed to follow its own regulations). There is no evidence Petitioner has received an initial custody determination, which itself is a violation of 1226(a). *See Zurita Navarro* v. *Warden Ctrl. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (enumerating procedural violations of § 1226(a), including "failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention," and collecting cases). Respondents concede Petitioner is entitled to a custody hearing under § 1226(a). (ECF No. 8 at 1.) However, Respondents have not provided one, nor scheduled one, in the two and a half months Respondents have held Petitioner in detention. Thus, Petitioner has been deprived of the procedural safeguards to which he is entitled. Respondents have not articulated a legitimate interest in detaining Petitioner and Respondents failed to comply with the procedural protections required by 8 U.S.C. § 1226(a). Without any procedural safeguards to determine whether his detention is justifiable, the likely value of additional procedural safeguards is high. *R.D.T.M. v. Wofford*, No. 1:25-cv-01141-KES-SKO, 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025).

Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards. Notice and custody determination hearings are routine processes for Respondents and they are the very processes owed to Petitioner under § 1226(a). Indeed, Respondents set forth no legitimate interest in continuing to detain Petitioner without such procedures. Any burden associated with the provision of these processes does not outweigh Petitioner's liberty interest and the risk of erroneous deprivation. Nor do Respondents claim the government would be unduly burdened by providing a custody hearing.

Upon consideration of the *Mathews* factors, the Court finds due process required Petitioner to receive the procedural protections of 8 U.S.C. § 1226(a) including a hearing before a neutral decisionmaker to ensure his detention was justified. 424 U.S. 319, 335 (1976); *see Julio*

*Fernando R.P. v. Andrews*, No. 1:26-cv-05547-TLN-CSK, 2026 WL 2137758, at *2–*3 (E.D. Cal. July 24, 2026) (analyzing the *Mathews* factors and finding similarly). Respondents have not complied with § 1226(a) and have not provided Petitioner a custody redetermination hearing in over two and a half months of detention. Petitioner has thus been deprived of an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Therefore, Petitioner is detained in violation of the Fifth Amendment.

## IV. Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. Further, IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Hector Joel Z.F. (A# 201-144-488) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents shall file a **notice of compliance** with this provision of the Court's Order within **two (2) court days** from the date of this Order.

2. While subject to 8 U.S.C. § 1226(a),Respondents are ENJOINED from re-detaining Petitioner absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present. In the event Petitioner becomes subject to a final and executable order of removal, Respondents shall provide a minimum of ten-days' written notice of their intent to detain Petitioner for removal prior to detention. Such notice shall not be issued until the removal order becomes final and executable in accordance with 8 U.S.C. § 1231 and 8 C.F.R. § 1241.1.

3. Petitioner's Motion for TRO is DENIED as moot. (ECF No. 3.)

4. Petitioner's Motion to Appoint Counsel is DENIED as moot. (ECF No. 4.)

5. Petitioner's Motion to Proceed in Forma Pauperis is GRANTED. (ECF No. 2.)

6. **The Clerk of Court is directed to serve Central Valley Annex Detention Facility with a copy of this Order.**

7. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: November 23, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE